# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

ASHLEY N. MORGAN,

    Defendant/Petitioner.

Case No. 14-20068-04

## MEMORANDUM & ORDER

This matter comes before the court upon petitioner Ashley N. Morgan's Motion to Vacate Under 18 U.S.C. § 2255 (Doc. 338). Petitioner raises four grounds for relief in support of her petition for resentencing: (1) ineffective assistance of counsel for failing to file a notice of appeal at petitioner's request; (2) prosecutorial misconduct because Assistant United States Attorney Terra Morehead allegedly threatened defense counsel Michael Clarke that petitioner's family would be indicted if she did not cooperate; (3) ineffective assistance of counsel for failing to challenge the drug weight and purity of the methamphetamine attributed to petitioner at sentencing; and (4) ineffective assistance of counsel for failing to communicate adequately with petitioner so that she could participate in her defense. For the reasons explained below, petitioner's motion is denied.

### I. Background

On July 23, 2015, petitioner pleaded guilty to Count I—conspiracy to possess with intent to distribute 50 grams or more of methamphetamine; maintaining a drug-involved premises; and Count II—counterfeiting or altering federal reserve notes. Petitioner's plea agreement contained a waiver of appeal and collateral attack provision that included language stating that "defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this

prosecution, the defendant's conviction, or the components of the sentence. . . ." (Doc. 163, at 7.) Petitioner made no objections to the presentence investigation report ("PSR") and filed no sentencing memorandum.

On September 6, 2017, petitioner filed a motion to withdraw her guilty plea. (Doc. 284.) But she withdrew that motion on September 18, 2017. (Doc. 292.) On September 25, 2017, the court sentenced petitioner to 102 months imprisonment on each count, to be served concurrently, with a four-year term of supervised release. Petitioner did not file a direct appeal, but filed her § 2255 petition on December 14, 2017 (Doc. 338).

**II. Discussion**

**a. Legal Standard for § 2255 Petitions**

28 U.S.C. § 2255(a) provides that "[a] prisoner in custody . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." Rule 4(b) of the Rules Governing § 2255 Proceedings requires "[t]he judge who receives the motion [to] promptly examine it" and "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." The court ordered defense counsel and the government to respond to petitioner's motion. They have done so and the court is now ready to rule.

**b. Appeal and Collateral Attack Waiver**

The government seeks to enforce an appeal and collateral attack waiver in petitioner's plea agreement. A three-pronged test applies to the enforceability of appeal and collateral attack waivers in plea agreements: "(1) whether the appeal falls within the scope of the waiver, (2) whether the defendant's waiver of his rights was knowing and voluntary, and (3) whether a miscarriage of justice would result

from enforcement of the waiver." *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (citing *United States v. Andis*, 333 F.3d 886, 890–92 (8th Cir. 2003)).

*Scope*

The court looks at the plain language of the plea agreement, using general principles of contract construction and interpretation to decide whether the issues raised by petitioner are within the scope of the waiver. Here, the plea agreement states "defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution." In *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001), the Tenth Circuit held that the right to collaterally attack one's sentence may generally be waived, so long as the collateral attack is not based on ineffective assistance of counsel claims that challenge the plea or waiver. Any other ineffective assistance claims are generally considered outside the *Cockerham* exception to the enforceability of collateral attack waivers. *United States v. Young*, 557 F. Supp. 2d 1216, 1221 (D. Kan. 2008).

Petitioner does not address waiver. While she raises ineffective assistance of counsel claims, she does not suggest that she had ineffective counsel during plea negotiations generally, or regarding the waiver specifically. However, petitioner's plea agreement also states that "[n]otwithstanding the forgoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct." All of plaintiff's claims are for either prosecutorial misconduct or ineffective assistance. Therefore, the court finds that the four claims petitioner makes in her § 2255 petition are outside the scope of the waiver she agreed to in her plea agreement.

*Knowing and Voluntary*

Petitioner's waiver must have been knowing and voluntary to be enforced. *Hahn*, 359 F.3d at 1325. The court considers two factors in determining whether a waiver may be enforced: (1) "whether

-3-

the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily"; and (2) the court looks at petitioner's Fed. R. Crim. P. 11 colloquy. *Id.*

As noted above, the waiver provisions in petitioner's plea agreement include the knowingly and voluntarily language. At petitioner's change of plea hearing, the court explained that it would not be able to determine the guideline sentence applicable to her case until after a presentence investigation was completed, but asked petitioner if she had discussed the guidelines that might apply to her case. Petitioner responded that she had discussed the potential guidelines with her counsel. The court asked if petitioner understood that there is no limit to the information the court could consider at sentencing, including relevant information relating to any counts against petitioner, including those to which she did not plead guilty and all uncharged related criminal activity. Petitioner said that she understood. The court asked petitioner if she understood that her right to appeal would be subject to any appeal waiver she entered with the government in the plea agreement. Petitioner said she understood. The court had the government summarize the plea agreement, the government explained that petitioner would waive any right to appeal or collateral attack except that petitioner did not waive any claims regarding ineffective assistance of counsel or prosecutorial misconduct.

The court then specifically addressed the waiver of appeal and collateral attack with petitioner. Petitioner said she had gone over the waivers with counsel and that she was asking the court to approve the plea agreement with the waivers included. The court finds that the waivers in the plea agreement were knowingly and voluntarily made. But as petitioner's claims are all either for ineffective assistance of counsel or for prosecutorial misconduct, her claims were not waived.

*Miscarriage of Justice*

Lastly, the court considers whether enforcing the waiver provision would result in a miscarriage of justice. *Id.* at 1327. The Tenth Circuit has recognized specific situations where a waiver would result

-4-

in a miscarriage of justice, including: "(1) where the district court relied on an impermissible factor such as race, (2) where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, (3) where the sentence exceeds the statutory maximum, or (4) where the waiver is otherwise unlawful. *Id.* (quoting *United States v. Elliott*, 264 F.3d 1171, 1173 (citing *Cockerham*, 237 F.3d at 1182)).

As discussed above, petitioner did not respond to the government's wavier argument. There is no argument that any of the enumerated circumstances are present in this case. The waiver is enforceable, but petitioner's claims are not waived.

### c. Prosecutorial Misconduct

Petitioner argues that she should be resentenced because Assistant United States Attorney Terra D. Morehead committed prosecutorial misconduct by making threats to defense counsel in November 2017 that petitioner's family would be indicted if she did not comply with the government. The government denies these allegations and defense counsel Michael Clarke's affidavit also denies any government representative conveying threats of indicting family members. Mr. Clarke does explain that:

> I told the defendant that the prosecutor had previously mentioned that the defendant's father had participated in the alleged unauthorized communication that had previously occurred between the defendant and her co-defendant. I shared this information with her to convince her not to engage in that conduct in the future because it could get her and/or her father in trouble. I told the defendant that I had no idea if her father had been involved and it didn't matter to me because I didn't represent him. At the time I shared this information with the defendant she had already been sentenced and I did not expect to speak with her again.

(Doc. 376-1, at 1.) Petitioner does not provide any additional information in her petition about her prosecutorial misconduct argument or expand on her claim in her reply. In any event, procedurally, prosecutorial misconduct may not be raised unless it was raised on direct appeal. *United States v. Brune*, No. 11-20128-01-CM, 2016 WL 7428552, at *1, *3 (D. Kan. Dec. 23, 2016) (citing *United States v.*

*Wiseman*, 297 F.3d 975, 979 (10th Cir. 2002)). Petitioner did not file a direct appeal. The court therefore will not substantively consider this issue.

### d. Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution guarantees defendants the right to be represented by counsel in criminal prosecutions. U.S. Const. amend. VI. In *Strickland v. Washington*, the United States Supreme Court set out a two-pronged test for petitioners seeking relief based on ineffective assistance of counsel claims. 466 U.S. 668 (1984). First, petitioner must show that her counsel's representation was so deficient that it "fell below an objective standard of reasonableness." *Id.* at 688. Second, petitioner must show that counsel's deficient performance prejudiced her defense. *Id.* at 687. The second prong requires petitioner to "show there is a reasonable probability that, but for [her] counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

#### i. Failure to File Notice of Appeal

Petitioner argues that Mr. Clarke failed to file a notice of appeal for her when she requested it. Mr. Clarke's affidavit states that petitioner never asked him to file a notice of appeal, and that if she had, he would have done so immediately. Petitioner does not argue this claim in her reply brief, and provides no further details. Petitioner's conclusory allegation that she asked Mr. Clarke to file an appeal is contradicted by his sworn statement, which is now part of the record. Petitioner's claim for ineffective assistance of counsel based on her claim that counsel failed to file an appeal is denied.

#### ii. Failure to Object to Drug Weight

Petitioner argues that Mr. Clarke was ineffective for failing to object to the drug quantity and purity attributed to her at sentencing. She says that she asked counsel to file objections to the PSR on her behalf. However, petitioner does not provide any argument in her petition or reply explaining why

the drug quantity or purity attributed to her were improper. To the contrary, she discusses general dissatisfaction with the government's decision not to ask the court for a reduction based on substantial assistance. Mr. Clarke's affidavit explains that "I had no information that lead [sic] me to believe the weight or purity of the drugs attributed to the defendant was inaccurate." (Doc. 376-1, at 2.) Petitioner has not shown that Mr. Clarke's representation was not objectively reasonable or that if he had challenged the drug quantity or purity, there was a reasonable probability that the outcome at sentencing would have been different. Her ineffective assistance of counsel claim based on failure to object to drug weight and purity is denied.

### iii. Failure to Communicate

Petitioner argues that Mr. Clarke failed to communicate with her so that she could participate in her own defense. In her reply, petitioner cites to letters she wrote counsel with questions and concerns. She claims that he was unavailable by mail or phone. She asked her family to contact Mr. Clarke and they were also unsuccessful. However, here too the record contradicts petitioner's claim. Mr. Clarke's affidavit explains that excluding meetings before, during, or after court, he met with petitioner at least 24 times and that petitioner never complained that they did not have enough time together.

Even if petitioner had shown that Mr. Clarke's communication, despite the numerous visits, fell below an objectively reasonable standard—which the court does not find—she has not shown that had they had more communication, there was a reasonable probability that her case would have turned out differently. Petitioner has not met her burden to show that Mr. Clarke was ineffective in any way. Her claims are therefore dismissed. Because the court finds, based on record and briefing, that petitioner is not entitled to relief, it will not hold a hearing on her petition.

### e. Certificate of Appealability

Rule 11 of the rules governing § 2255 provides that "[t]he district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. § 2255. Petitioner must make a "substantial showing of the denial of a constitutional right" in order for the district court to issue a COA. § 2253(c)(2). A petitioner may meet this burden by "showing that reasonable jurists could debate whether (or, for that matter agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). A petitioner must show "something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Barefoot*, 463 U.S. at 893). The court must "indicate which specific issue or issues satisfy the showing required . . ." § 2253(c)(3). If the district court denies a certificate, the parties may seek a certificate from the Tenth Circuit.

Petitioner does not address whether she should be granted a COA and therefore has not met her burden to show that she is entitled to one. The court finds no basis warranting issuance of a COA and therefore denies it.

**IT IS THEREFORE ORDERED** that petitioner's Motion to Vacate Under 18 U.S.C. § 2255 (Doc. 338) is dismissed.

**IT IS FURTHER ORDERED** that the court will not issue a COA in this case.

Dated July 13, 2018, at Kansas City, Kansas.

> s/ Carlos Murguia
> **CARLOS MURGUIA**
> **United States District Judge**